## GAINES *v.* MILLER, Administrator.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE EASTERN DISTRICT OF MISSOURI.

Argued April 9th, 1884.—Decided April 21st, 1884.

*Equity—Principal and Agent.*

The lawful representative of a deceased person who ratifies sales of property made by an agent of executors in their own wrong, may maintain an action at law against the agent for money had and received to recover the proceeds of the sale in his hands.

The ratification extends to all the dealings on the subject between the agent and his principals ; and if the principals have converted the simple debt into a judgment, the lawful representative is bound by it.

In Missouri the excuse for avoiding the operation of the statute of limitations, that the debtor by absconding or concealing himself prevented the commencement of an action, is available in actions at law as well as in equity. § 3244 Rev. Stat. Mo.

This bill was filed by the appellant on May 11th, 1880. Its material allegations were as follows: The appellant was born in 1806, and was the daughter of the late Daniel Clark of the city of New Orleans. On July 13th, 1813, Clark duly executed his last will and testament, by which he devised and bequeathed to the appellant all his estate. He died August 16th, 1813. Appellant did not know that she was the daughter of Clark until 1834. On June 18th of that year she propounded for probate in the Parish Court for the Parish of Orleans, Louisi-

ana, his last will, and after a litigation of more than twenty years it was admitted to probate on February 23d, 1856. In the mean time, in the year 1827, she had become of age, in 1832 she was married to William W. Whitney, who died in 1838, and in 1846 she was married to General Edmund P. Gaines. Gen. Gaines died in 1858, and appellant has since remained a widow.

A short time after the death of Clark, in 1813, Richard Relf and Beverly Chew " began to act as executors of his estate in their own wrong and without authority of law, under a will of Clark executed in the year 1811, which had been revoked by his will of 1813." By power of attorney, they appointed Samuel Hammond, the defendant's intestate, their agent to sell and convey the lands belonging to the estate of Clark lying in the State of Missouri. Hammond, prior to April 9th, 1819, sold lands and received therefor, over and above the credits and commissions to which he was entitled, the sum of $6,841.80. Relf and Chew sued Hammond for the money so received by him, and in August, 1819, recovered a judgment against him therefor. On October 8th, 1823, an execution was issued on the judgment and levied on lands of Hammond, being the north half of New Madrid, survey No. 2,500, which were bought in by Relf and Chew, and the purchase money thereof, to wit, $427.77, credited on the judgment. Hammond was a resident of Missouri from about the year 1815 until December, 1824, when, being insolvent and indebted to the estate of Clark for the balance due on said judgment, he fraudulently absconded and secretly left the State of Missouri, concealing himself from appellant by travelling to places unknown to her. He went to the State of South Carolina, where he lived until his death, which took place in August, 1842. No letters of administration were taken out on the estate of Hammond until October 25th, 1879, when property of his estate in the State of Missouri having been discovered, letters were granted to the appellee, Charles Miller, by the Probate Court of the City of St. Louis.

The prayer of the bill was, that the court would decree that the estate of Hammond was indebted to appellant in the sum

of money demanded, namely, $6,841.80, with the interest thereon, and that she was equitably entitled to recover the same in this suit.

The defendant filed a demurrer to the bill on the following among other grounds: (1) Because the case stated in the bill is one of which a court of equity has no jurisdiction; and (2) because the bill shows that a suit had been brought by those recognized by the court as the lawful representatives of Daniel Clark, and that more than sixty years ago judgment had been rendered therein against Hammond for the same money for which this suit was brought, and that such judgment had never been vacated or reversed.

The Circuit Court sustained the demurrer and dismissed the bill, and the complainant appealed.

*Mr. Britton A. Hill* for appellant submitted on his brief.

*Mr. Henry H. Denison* for appellee.

MR. JUSTICE WOODS delivered the opinion of the court. He stated the facts in the foregoing language, and continued:

The demurrer was properly sustained on both grounds.

The theory of the bill, as appears from its averments and as it is stated by counsel for appellant, is that appellant is the proper party to sue, in her own name, for the proceeds of the lands of her father's estate, sold by Hammond in 1819 under power of attorney from Relf and Chew, and that by bringing this suit she affirms and ratifies the sale.

The appellant having ratified the sale, the only obligation which can rest upon Hammond's administrator is to pay over to the appellant the money received by Hammond as the consideration of the sale. It is, therefore, simply a case of money had and received by him for the use of appellant, and a declaration in assumpsit on the common counts would have fully stated the appellant's cause of action. Whenever one person has in his hands money equitably belonging to another, that other person may recover it by assumpsit for money had and received. *Pickard* v. *Bankes,* 13 East, 20 ; *Spratt* v. *Hobhouse,*

4 Bing. 173; *Israel* v. *Douglass*, 1 Hen. Bl. 239; *Beardsley* v. *Root*, 11 Johns. 464; *Hale* v. *Marston*, 17 Mass. 575; *Claflin* v. *Godfrey*, 21 Pick. 1. The remedy at law is adequate and complete.

There is no averment in the bill of complaint of any ground of equity jurisdiction. No trust is alleged, no discovery is sought. The appellant has no lien on the property of Hammond's estate, and avers none. The only semblance of a fraud alleged is, that Hammond fraudulently absconded and secretly left the State of Missouri, concealing himself by travelling in places unknown to the appellant. But this averment does not relate to the cause of action. It is only made as an excuse for not bringing the suit at an earlier time, and to take the case out of the bar of the statute of limitations. The law of Missouri, Revised Statutes, sec. 3244, provides, that if any person, by absconding or concealing himself, prevent the commencement of an action, such action may be commenced within the time limited by the statute, after the commencement of such action shall have ceased to be so prevented. The excuse made by appellant for not sooner bringing her suit was, therefore, available in an action at law. Having found assets of Hammond's estate in Missouri, and an administrator having been appointed, an action at law was the plain and adequate method for the recovery of the appellant's rights. The Circuit Court, sitting as a court of equity, had, therefore, no jurisdiction of the case. *Hipp* v. *Babin*, 19 How. 271.

The second ground of demurrer is also well taken. The appellant, by ratifying the sale made by Relf and Chew, through their agent, Hammond, ratified the acts of Relf and Chew in respect to the purchase money received by Hammond. If Hammond, as their agent, had paid over to them the money received from the sales made by him, the appellant could not, having ratified the sale, repudiate the payment. If a principal ratifies that which favors him, he ratifies the whole. *Skinner* v. *Dayton*, 19 Johns. 513, 554; *Odiorne* v. *Maxey*, 13 Mass. 178, 182; *Menkins* v. *Watson*, 27 Missouri, 163; *Small* v. *Atwood*, 6 Clark & Finn. 232. By ratifying the sale, the appellant places herself in the position of Relf and Chew, and

Hammond has the same rights against her as he had against them.

Relf and Chew having sued Hammond and recovered judgment against him for the money received by him, the demand for the money was merged in the judgment. They could not bring suit on the claim for the money. *Biddleson* v. *Whitel*, 1 W. Bl. 506; *Wayman* v. *Cochrane*, 35 Ill. 152. Neither could the appellant. Their only remedy was to enforce the judgment or to bring another suit upon it. If the judgment was paid, Hammond was discharged from any demand either by Relf and Chew or the appellant.

There is a conclusive presumption of law that the judgment has been paid. By an act of the Territorial legislature passed January 20th, 1816, the common law of England was adopted as the law of the Territory of Missouri. By the common law, the lapse of twenty years, without explanatory circumstances, affords a presumption of law that the debt is paid, even though it be due by specialty. *Oswald* v. *Legh*, 1 Term, 270; *Lesley* v. *Nones*, 7 S. & R. 410; *Jackson* v. *Wood*, 12 Johns. 242; Best on Presumptions, § 137.

And, by the Revised Statutes of Missouri of 1835, page 396, it was provided as follows:

"Every judgment and decree of any court hereafter rendered or made, shall be presumed to be paid and satisfied after the expiration of twenty years from the time of giving such judgment or decree, and every judgment and decree rendered or made at the time this act shall take effect, shall be presumed to be paid and satisfied after the expiration of twenty years from the time this act shall take effect."

This provision has been substantially continued in force to the present time, 1 Rev. Statutes of Missouri, sec. 3251, and forms a part of the settled jurisprudence of the State. In the case of *Chalmers* v. *Wilkinson*, 10 Missouri, 98, it was held by the Supreme Court that, as to judgments rendered prior to the act of 1835, the presumption of payment after twenty years raised by the common law, continues unaffected by that act,

which, as to such judgments, is only cumulative. This presumption is a rule of evidence and not a limitation, and is not subject to the exceptions and incidents of an act of limitation. *Cape Girardeau County* v. *Harbison*, 58 Missouri, 90 ; *Smith's Ex'r* v. *Benton*, 15 Missouri, 371.

If, therefore, twenty years after its date suit had been brought against Hammond, in his lifetime, on the judgment recovered against him by Relf and Chew, he could have availed himself of the conclusive presumption which that law raises, that the judgment had been paid. The presumption is no weaker when the suit is brought against the administrator of his estate sixty-one years after the date of the judgment.

The case, therefore, as stated by the bill, is this : Appellant seeks to recover on a claim for money had and received, which had been reduced to judgment more than sixty years, and which the law conclusively presumed had been paid more than forty years before her suit was brought.

We are of opinion, therefore, that the decree of the Circuit Court sustaining the demurrer to the bill was right, and it must be

*Affirmed.*