---

[No. 3473.]

## FISHBACK v. VINING ET AL.

1. PRINCIPAL AND AGENT—*Ratification.* If one would repudiate the acts of another who, without authority, has assumed to contract for him, he must repudiate them *in toto.* Ratification of any part of the transaction ratifies it as a whole. One

assuming to act for plaintiff, but without authority, sold to defendants, in plaintiff's absence, certain real property, and obtained from defendants a sum of money which was applied upon certain encumbrances upon the property, and other moneys which by the terms of the purchase were in full of the sum for which defendants were accountable to plaintiff. Plaintiff's wife and another, at the same time, executed to defendants a bond conditioned for the conveyance of the property. Plaintiff upon returning to his home assented to the transaction, and to defendant's possession and occupancy of the premises, received and retained what had been paid, and though, later, complaining of the conduct of the agent, and repudiating the bond, promised to protect plaintiffs in their purchase. Held a ratification of the sale, and, whether as effected by the oral dealings with the broker, or under the bond, was immaterial; that defendants were entitled to specific performance.

2. SPECIFIC PERFORMANCE—*Of Sale of Corporate Stock*, allowed.
3. FRAUD—*Who May Complain of.* One who has ratified the sale of his land by a broker who acted without authority and sustained towards him no fiduciary relation can not complain of misrepresentations made by the broker to the purchaser, nor his misrepresentations to others who, without authority, assumed to represent and act for the land owner in consumating the sale.

*Appeal from Weld District Court.* HON. JAMES E. GARRIGUES, Judge.

Mr. H. N. HAYNES, Mr. H. E. CHURCHILL, for appellant.

Mr. R. G. STRONG, for appellees.

KING, J., delivered the opinion of the court.

Plaintiff (appellant) was the owner of a town lot in the city of Greeley, occupied by himself and wife as a home. The property was encumbered by two deeds of trust, the first given to secure the sum of $1,300, payable to a building and loan association, and the second to secure notes in the sum of $750, payable to the defendant, Clayton. While

plaintiff was absent from the state, H. N. Haynes, an attorney at law by whom plaintiff had been employed as stenographer and law clerk, and plaintiff's wife, executed and delivered a bond for a deed which recited sale of the property by plaintiff to the defendants, Vinings, for the consideration of $450 in cash at that time paid, and the assumption by the purchasers of the incumbrances hereinbefore mentioned, and bound themselves in the penal sum of $900 to secure execution and delivery by plaintiff of a deed conveying the property to said defendants, and of an assignment to them of certain stock in the building and loan association, subject to said incumbrances, only, and for delivery of possession to the said defendants on or before March 17th, 1908; the bond bearing date March 2nd, and further reciting that the said sum of $450, cash, was the full purchase price to be paid to the plaintiff, other than the assumption of said secured incumbrances. This bond was executed without express authority from plaintiff, but in the utmost good faith so far as the obligors in the bond were concerned, and in the belief that it was in accordance with plaintiff's desire, and in his interest. The negotiations for said sale, as between the Vinings and the obligors in the bond, were made by the defendant, McPherson, a real estate agent, who at that time professed and appeared to be acting upon authority from the plaintiff. No representations whatever were made by the Vinings. Plaintiff was notified of the transaction by a letter from his wife, dated March 3rd, and which reached him some days thereafter, and no objection was made by him, except that he had paid $56 to the building and loan association which

he thought could be adjusted when he returned home. In addition to the $450 paid plaintiff, or for him, as the net purchase price, the Vinings on the same day paid the defendant McPherson $550 to be used in settlement with the defendant, Clayton, and of which $350 were paid to the said defendant, to be applied upon the second mortgage indebtedness, and in consideration of which he gave the purchasers a written agreement to withdraw foreclosure proceedings theretofore commenced, and to extend for one year the time for payment of the agreed balance, $400, to be evidenced and secured by new note and deed of trust. The remaining $200 was retained by the defendant, McPherson. Possession of the premises was delivered to the purchasers by plaintiff's wife about March 17th, and they have ever since remained in possession, and made some permanent improvements and changes thereon prior to the beginning of suit or notice of plaintiff's dissatisfaction. Plaintiff's wife, and plaintiff also from the date of his return about May 3rd, boarded with the purchasers until July 3rd. Immediately upon his return plaintiff learned from his wife, and soon thereafter from the purchasers, that they had bought the property upon representations from McPherson that the cost thereof to them would be $2,600, consisting, as they understood, of $450 cash to plaintiff, whatever amount of cash was necessary to be paid to Clayton including attorney's fees and costs of foreclosure, and the unpaid balance of the incumbrances to be assumed, which total amount the purchasers had agreed with McPherson to pay or assume. A few weeks afterward plaintiff notified said purchasers that the bond had been executed

without his authority, and that McPherson had no authority to bind him; that McPherson had retained $200 in excess of the amount required to satisfy the incumbrances, and demanded that they compel Mc-Pherson to repay that amount, but, at the same time, told the purchasers he would protect them in the sale. About June 3rd he demanded payment of the sum of $200 from the purchasers themselves, and in July, when he vacated the premises as boarder, demanded payment of a larger sum, and thereafter began his suit to recover from the purchasers $276.85, alleged to be the balance of the unpaid purchase price upon the oral contract as made between the Vinings and McPherson, his action being in the nature of a suit for specific performance, the deed and stock being tendered. Judgment was also asked against McPherson in the sum of $200 alleged to have been secured and retained by deceit and fraud, such amount to be applied for the use and benefit of plaintiff or the purchasers, and prayed judgment against the defendant, Clayton, requiring endorsements to be made upon the incumbrance. The Vinings pleaded purchase in good faith, payment in accordance with the contract, and estoppel by ratification, tendered payment of certain sums as hereinafter mentioned, and asked for specific performance of the agreement as set forth in the bond. The cause was tried to the court without the intervention of a jury. The court made findings of fact that plaintiff had authorized defendant, McPherson, to find a purchaser for the property at $450 net to plaintiff; that the bond executed and delivered was without authority, but that the sale and the bond had been ratified by plaintiff, and rendered

judgment in favor of the defendants, requiring delivery of deed and stock, upon payment by the purchasers of a sum of money which they had offered to pay by reason of certain payments having been made by plaintiff to the building and loan association, and to Clayton, of which the purchasers had no knowledge at the time of the contract, and required the defendant, Clayton, to make certain endorsements and perform certain acts, which he also offered to make and perform.

The evidence in regard to the authority of the defendant, McPherson, to offer the property for sale is not wholly convincing, but is supported by some positive testimony and corroborating circumstances, and, so far as is necessary to be considered, the findings of the trial court in that respect will be regarded as binding upon this court. The bond was executed without authority. Defendant, McPherson, had no authority, express or implied, as shown by the evidence, to receive money for and on behalf of the plaintiff, and plaintiff, upon his return and learning of the facts, was at liberty to repudiate not only the written agreement, but all unauthorized acts of McPherson; and, upon return or tender of the amount of money which had been paid on the contract and applied to his use, could have ejected the purchasers from the premises, unless they could have successfully defended their right of possession under the parol contract with McPherson, which is not necessary to decide. Plaintiff did not repudiate the sale. He undertook to protect his wife and Mr. Haynes who were bound in the sum of $900 to secure execution and delivery of the deed and assignment of the building and loan stock. He retained

and still claims the benefit of the money paid by the purchasers, and brought his suit to enforce specific performance, not of the written agreement, but of the oral one, ratification of which he admits. Plaintiff utterly denies and repudiates the authority of the defendant, McPherson, to act for him in any of the negotiations leading up to or connected with the transaction.

It is settled law that ratification in part of the unauthorized acts of one not an agent but assuming to act as such, is a ratification of such acts *in toto*. If plaintiff ratifies part he must ratify all, or if he repudiates part he must repudiate all.—*Burkhard v Mitchell,* 16 Colo., 376, 380. *Moffitt-West Drug Co. v. Lyneman,* 10 Colo. App., 249. *Gaines v. Miller,* 111 U. S., 395, 398. Clark & Skyles, Law of Agency, sections 108 and 140, and cases cited. Whether the ratification by plaintiff was of the bond or the oral agreement, is immaterial. He ratified the sale; and by so doing, so far as the purchasers are concerned, he likewise and to the same extent ratified the unauthorized acts of the defendant, McPherson, in accepting payment, which was a part of the same transaction. There was nothing disclosed by the evidence which shows or tends to show misrepresentation or bad faith upon the part of the purchasers or the defendant, Clayton. It is impossible to justify some of the statements made by the defendant, McPherson, as testified to by plaintiff's wife, Mr. Haynes and the Vinings, which, so far as made to Mrs. Fishback and to Mr. Haynes, had a tendency to deceive them as to the amount the purchasers were willing to pay; and as made to the purchasers, to deceive them as to the amount necessary

to be paid to cover the incumbrances, costs of fore-closure, etc. But the purchasers are not complain-ing, and the representations to them did not, in a legal sense, concern the plaintiff in this case. The alleged deceit may be cognizable in *foro conscientiae,* but, although McPherson was not wholly an inter-loper, according to plaintiff's own testimony and pleadings he sustained no fiduciary relation to plain-tiff, and, therefore, his failure to fully or truthfully state the conditions to those assuming, but not au-thorized, to act for plaintiff, cannot avail the plain-tiff in this proceeding. The judgment of the trial court is affirmed.