Argued January 26, reversed and remanded April 4, petition
for rehearing denied May 10, 1972

FLEISHMAN, *Appellant, v.* KRAUSE, LINDSAY &
NAHSTOLL ET AL, *Respondents.*

495 P2d 268

*Reuben Lenske,* Portland, argued the cause and
filed the briefs for appellant.

*William H. Morrison,* Portland, argued the cause
for respondents. With him on the brief were Howard
K. Beebe and Morrison, Bailey, Dunn, Cohen & Miller,

Portland; George M. Joseph, and Bemis, Breathouwer & Joseph, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOWELL and BRYSON, Justices.

HOWELL, J.

The sole issue in this case is whether plaintiff's lawsuit is in equity or at law. If it is at law, then plaintiff was entitled to a jury trial, and we must reverse.

Plaintiff was a client of the defendants, a law partnership. In her complaint she alleges the following:

"On or about June 9, 1967 defendants received as a trust for plaintiff the sum of $19,868.05, which consisted of the proceeds of the sale of plaintiff's home.

"On or about August 17, 1967 defendants, in violation of said trust and without permission or instructions from plaintiff, disbursed $2500 of said trust money to one Sanford Pomerantz when plaintiff was not obligated to and said Sanford Pomerantz was not entitled to receive said $2500.00.

"On or about August 31, 1967 defendants converted to their own use and without permission or instructions from plaintiff, $4000.00 of said trust money, of which sum plaintiff is willing to permit defendants to retain $250.00 in payment for services in connection with the sale of plaintiff's home and the receipt of said $19,868.05 and the disbursement of the portion thereof which plaintiff authorized; that said conversion was in violation of a trust and committed with malice and that plaintiff is entitled to $3750.00 damages plus interest from August 31, 1967 at 6% and the further sum of $25,000 punitive damages.

"Wherefore, plaintiff prays for judgment against defendants for $6250.00 plus interest

thereon at 6% from September 1, 1967 and for $25,000 punitive damages and for her costs and disbursements incurred herein."

The defendants' answer consisted of a general denial.

After the start of the trial before a jury, the defendants moved to "transfer this case to the equity docket" on the ground "that equity has exclusive jurisdiction on the equitable accounting." The defendants argued that the plaintiff's allegations that funds had been put in defendants' trust account and that defendants were trustees required the cause to be tried in equity. The court first denied defendants' motion to transfer the case to the equity side of the court, but later reconsidered, dismissed the jury, and proceeded to try the case as a suit in equity. A decree was entered in favor of defendants, and plaintiff appeals.

The dispute between the parties arises out of $19,868 received by the defendants from the escrow holder when the plaintiff sold her home. The defendants deposited the funds in their trust account. At the same time, defendants were representing plaintiff in a protracted divorce suit which was settled and plaintiff awarded $1,000 as attorney fees by the court. The defendants charged plaintiff an additional $4,000 attorney fees for representing her in the divorce suit, withdrew that sum from the $19,868 in their trust account, and deposited it in their office account.

After the sale of plaintiff's home, plaintiff purchased another which required certain repairs. The defendants paid $2,500 from the trust account to a contractor for the repairs.

It is plaintiff's contention that defendants paid the $2,500 to the contractor against her wishes. She

also contends that the attorney fees of $1,000 awarded her by the court were intended to be the total amount of attorney fees and that the defendants wrongfully charged her the additional $4,000.

■ The basis of plaintiff's claim is simple: the defendants held money belonging to plaintiff and wrongfully applied portions of it to pay themselves the additional attorney fees and to pay the contractor for the repairs. Assuming these facts to be true, the law is well established that the plaintiff has a valid cause of action at law for money had and received, although the money was held in trust. The remedy at law is complete and adequate. 1 Pomeroy, Equity Jurisprudence (5th ed) 246, 247-250, § 178; *Gaines v. Miller,* 111 US 395, 4 S Ct 426, 28 L Ed 466 (1883); 54 Am Jur 22, Trusts § 4. In *Carey v. Hays,* 243 Or 73, 78, 409 P2d 899 (1966), this court approved the rule announced by Pomeroy that "* * * equity does not assume jurisdiction * * * to recover money held in trust where an action for money had and received will lie." 1 Pomeroy, supra at 250.

Plaintiff is not requesting that defendants be required to account, or that they be enjoined from any further action in regard to the funds held in their trust account. Plaintiff is merely seeking recovery of the sums paid the contractor and the additional attorney fees, plus punitive damages.

It is plaintiff's position that the funds from the sale of her house belonged to her; that they were merely being held by defendants in their trust account; and that the sums were wrongfully withdrawn to pay the attorney fees and the contractor.

■ "When * * * a trustee is under a duty to pay money immediately or unconditionally to the bene-

ficiary, the beneficiary can maintain an action at law to enforce payment." *Crow et al v. Strome et al,* 214 Or 158, 170, 327 P2d 414 (1958); *Carey v. Hays,* supra; 1 Restatement Trusts 522, § 198(1); 2 Scott on Trusts 1492, § 198.1. The beneficiary's remedy is by an action at law for money had and received. 1 Pomeroy, supra at 250; 2 Scott, supra at 1493. The same rule applies when the trustee has wrongfully sold trust property or when he has misappropriated trust funds due the beneficiary. 2 Scott, supra at 1493, 1494.

As the plaintiff's claim is one for the recovery of money which she contends the defendants wrongfully paid to themselves and to the contractor, she was entitled to proceed at law against the defendants.

Reversed and remanded for a new trial.