Argued September 12, affirmed November 15, 1973

KELLY ᴇᴛ ᴀʟ, *Plaintiffs,* STUBBLEFIELD ᴇᴛ ᴀʟ, *Appellants, v.* DEBT REDUCERS, INC., ᴇᴛ ᴀʟ, *Respondents.*
515 P2d 916

*Laird Kirkpatrick,* Portland, argued the cause for appellants. With him on the briefs was Jay Folberg, Portland.

*R. Alan Wight,* Portland, argued the cause for respondents. With him on the brief were Miller, Anderson, Nash, Yerke & Wiener, Portland.

HOLMAN, J.

Plaintiffs filed a class proceeding on behalf of themselves and all persons similarly situated who had been customers of defendant Debt Reducers, Inc., to collect from it and their bondsman, Fidelity and Casualty Company of New York, charges in excess of those authorized by statute for its services. The amounts of the overcharges vary, but they are generally too small to justify the use of an attorney's services in securing individual refunds. The proceeding was filed and treated in the trial court as a class suit in equity over objections by defendants. It had almost proceeded to judgment in favor of the members of the class when this court's decision in *Amer. Timber/Bernard v. First Nat'l,* 263 Or 1, 500 P2d 1204 (1972) was handed down.

In *Amer. Timber* an attempt was made to bring a class action against a bank for the benefit of its individual borrowers who had been charged a uniformly greater rate of interest than was justified. We held

that such a proceeding at law was not authorized by ORS 13.170,① that class proceedings were limited under the statute to suits in equity, and that there was no basis for equitable jurisdiction.

The trial court then held that this case was governed by the decision in *Amer. Timber* and, since each individual claim was adequately cognizable at law, a representative suit in equity, absent an independent ground for equitable jurisdiction, could not be maintained. As a result, the individually named plaintiffs were awarded judgments for the refunds due each of them and the case was dismissed as to the intervenors and other members of the class. The appellants are the other members of the class who intervened in the proceeding but who were denied intervention after the decision in *Amer. Timber*.

■ Appellants contend that this case is not controlled by *Amer. Timber* because, contrary to the situation in that case, there are three independent grounds for equitable jurisdiction. They first contend that equity has jurisdiction because there was a fiduciary relationship between Debt Reducers and the members of the class whom it was serving. Debt Reducers served its customers by receiving their earnings and apportioning them among each customer's creditors. Appellants argue that Debt Reducers was acting as a

---

① ORS 13.170. "Parties *to a suit* who are united in interest must be joined as plaintiffs or defendants; but if the consent of anyone who should have been joined as plaintiff can not be obtained, he may be made a defendant, the reason being stated in the complaint. *When the question is one of a common or general interest of many persons, or when the parties are very numerous, and it may be impractical to bring them all before the court, one or more may sue or defend for the benefit of the whole.*" (Emphasis added.)

fiduciary by virtue of holding its customers' money in trust and distributing it among creditors, negotiating payment schedules, settlements, and compromises, and making compositions and other arrangements for its customers with such creditors.

Assuming that a fiduciary relationship did exist, such a relationship is insufficient to confer jurisdiction upon a court of equity where there is an adequate remedy at law. In the present situation, each of Debt Reducers' customers had an adequate remedy at law by way of an action for money had and received. A similar situation existed in *Fleishman v. Krause,* 261 Or 505, 495 P2d 268 (1972), where we said:

> "The basis of plaintiff's claim is simple: the defendants held money belonging to plaintiff and wrongfully applied portions of it to pay themselves the additional attorney fees and to pay the contractor for the repairs. Assuming these facts to be true, the law is well established that the plaintiff has a valid cause of action at law for money had and received, although the money was held in trust. The remedy at law is complete and adequate. 1 Pomeroy, Equity Jurisprudence (5th ed) 246, 247-250, § 178; *Gaines v. Miller,* 111 US 395, 4 S Ct 426, 28 L Ed 466 (1883); 54 Am Jur 22, Trusts § 4. In *Carey v. Hays,* 243 Or 73, 78, 409 P2d 899 (1966), this court approved the rule announced by Pomeroy that '* * * equity does not assume jurisdiction * * * to recover money held in trust where an action for money had and received will lie.' 1 Pomeroy, supra at 250." 261 Or at 508.

For two cases containing language which could be construed *contra,* see *Huebener et al. v. Chinn,* 186 Or 508, 530, 207 P2d 1136 (1949); *Patterson v. Getz,* 166 Or 245, 285-86, 111 P2d 842 (1941).

■ It is argued that there is no adequate remedy at law because each claim is so small that the individual claimant cannot justify the expense of a lawyer and the time and trouble required for litigation. Such claimants have a means of inexpensively vindicating their rights without a lawyer in small claims court. Courts need not permit persons to litigate collectively to provide an adequate remedy at law. If an individual claimant considers the prosecution of his claim unworthy of the effort, it does not follow that he is thereby deprived of an adequate remedy. *Amer. Timber/Bernard v. First Nat'l, supra* at 9-10. An adequate remedy is available at law, if not in fact.

■■ This leads to appellants' next contention that the assumption of jurisdiction by equity is necessary to avoid a multiplicity of litigation. The contention is not valid. It is true that there may be a number of small claim actions to recover instead of one suit. However, each case will be based on a separate and distinct cause of action. Though there may well be common questions of law and fact, the procedural statute does not allow joint, binding determination of such questions except in what would otherwise be suits in equity. ORS 13.170;[20] *Amer. Timber/Bernard v. First Nat'l, supra* at 10.

■ It is urged by appellants that this case is an instrument to impose the discipline of the marketplace on large businesses which take unfair advantage of their customers and that, for this reason, courts should allow collective litigation, including notification of causes of action and invitations to litigate. As previously indicated, this is not a legitimate basis for equit-

---

[20] Relevant portion repealed by Senate Bill 163, 1973 Session Laws, ch 349, § 11 (effective October 5, 1973).

able jurisdiction, standing alone, and accomplishment of such aims should be the result of legislative action.[9]

■■ Finally, appellants contend that equity has jurisdiction because the accounts in this case are complicated and the services of equity are needed to secure an accounting. When this proposition was presented to the trial judge, he stated in his memorandum opinion:

> "The accounts are no more complicated in Debt Reducers than in the American Timber case. Both involve debit and credit transactions and percentage charges * * *."

Where there are mutual accounts between the plaintiff and defendant, that is, where each of the parties has received and paid on the account of the other, or where the accounts are all on one side but there are circumstances of great complication, equity will take jurisdiction. 4 Pomeroy, Equity Jurisprudence (5th ed 1941) 1077, § 1421. This is not a case involving mutual accounts and we agree with the trial court that the accounts are not so complicated that a court of law could not adequately handle an individual account of one of Debt Reducers' customers. The difficulty in computing the amount owed arises only from the sheer number of computations brought about by joining the actions in a class proceeding.

The judgment of the trial court is affirmed.

---

[9] See Senate Bill 163, 1973 Session Laws, ch 349, providing for class *actions*, which became effective October 5, 1973, subsequent to the disposition of this litigation in the trial court.