**In re E Z FEED CUBE CO., LTD., Debtor.**

**Michael A. GRASSMUECK, Trustee, Plaintiff,**

**v.**

**John H. FOSTER, Defendant.**

**Bankruptcy No. 683–08205–R7.**
**Adv. No. 688–5234–R.**

United States Bankruptcy Court, D. Oregon.

June 8, 1990.

G. Jefferson Campbell, Medford, Or., for plaintiff.

Terry Hammons, Hammons, Mills & Spickerman, Eugene, Or., for defendant.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This matter comes before the court upon the defendant's demand for a jury trial.

## BACKGROUND

The debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code (Title 11 U.S.C.) herein on October 21, 1983. Defendant was appointed as the Chapter 11

trustee herein pursuant to an order of this court entered May 21, 1985. On September 17, 1986, the case was converted to a case under Chapter 7 of the Bankruptcy Code and plaintiff was appointed and continues to act as the Chapter 7 trustee.

In December, 1988, plaintiff commenced this adversary proceeding against defendant alleging, *inter alia*, that defendant had breached his fiduciary duty of care to the debtor and creditors in his administration of the estate as the Chapter 11 trustee.

Specifically, plaintiff alleges that the defendant breached his fiduciary duty to the debtor and creditors of this estate in one or more of the following particulars:

  a. Under 11 U.S.C. § 1106(a)(5), by failing to recommend conversion or dismissal of the case, as soon as practicable, and by negligently continuing the operation of Debtor's business;

  b. Under 11 U.S.C. §§ 1106(a)(1) and 704(2), by failing to be accountable for property of the estate, and by negligently:

    (1) failing to implement adequate and reasonable inventory controls over the debtor's hay and alfalfa cube inventory; and

    (2) failing to implement adequate and reasonable management procedures to safeguard assets of the estate;

  c. Under 11 U.S.C. § 1106(a)(3), by failing to reasonably and adequately investigate the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the debtor's business and the desirability of the continuation of such business;

  d. Under 11 U.S.C. § 1106(a)(4), by failing to file in this case a statement on his investigation into the acts, conduct, assets, liabilities, and financial condition of the Debtor, and the operation of the Debtor's business and the desirability of the continuation of such business, and to transmit a copy or summary of such statement to the Creditors' Committee;

  e. Under 11 U.S.C. §§ 1106(a)(1) and 704(8), by failing to file, with governmental agencies charged with the responsibility of collecting or determining any tax arising out of the operation of the Debtor's business, tax returns and other reports, and by failing to file with the Court proper monthly reports on forms and in the manner required under Interim General Order 85–11 or other Order of this Court, and by Rule 2015 of the Bankruptcy Rules;

  f. By paying from funds of the estate professionals without required Court Orders, under 11 U.S.C. §§ 327(a), 330(a), and 331 and Rule 2016(a) of the Bankruptcy Rules;

  g. By paying from funds of the estate disbursements to third parties, not in the ordinary course of the Debtor's business, and without required notice to creditors and approval of the Court, under Rule 2002(a) of the Bankruptcy Rules;

  h. By commencing, and after commencing continuing, the operation the business of the Debtor, under circumstances in which a reasonably prudent person would never have started, or would have promptly ceased, operation to avoid operating losses; and

  i. By failing to take reasonable and prudent steps required to conserve the assets of the estate and maximize distribution to creditors.

Plaintiff's Complaint, ¶ 5, pp. 3 and 4.

Plaintiff prays that this court surcharge and hold the defendant personally liable for damages sustained by the debtor, creditors and the estate herein as a result of the foregoing in an amount not less than $442,827.95. In addition, plaintiff seeks an award of his costs and disbursements incurred herein and such other and further relief as the court finds just and equitable.

Defendant filed a motion for a determination that this proceeding is a non-core proceeding and requested that the district court withdraw the reference to this court on the basis that defendant intended to seek a jury trial. The district court, Marsh, J., entered an opinion on May 15, 1989, which concluded that this adversary proceeding is a core proceeding under 28 U.S.C. § 157, that the bankruptcy court has

full jurisdiction over the proceeding and that withdrawal of the reference on the basis that defendant intends to seek a jury trial is not warranted.

Defendant then answered the complaint and made a timely demand for a jury trial.

### ISSUE

The sole issue presented is whether the defendant is entitled to a jury trial in this adversary proceeding.

### DISCUSSION

The inquiry must necessarily begin with a discussion of the decision of the U.S. Supreme Court in *Granfinanciera v. Nordberg*, 492 U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26, 19 BCD 493 (1989). There, the Supreme Court held that the Seventh Amendment to the Constitution guarantees a jury trial to a person who has not asserted a claim against the bankruptcy estate and who is sued by the bankruptcy trustee to recover a fraudulent transfer of money.

The Seventh Amendment provides as follows:

In suits at common law where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any court of the United States, than according to the rules of the common law.

In *Granfinanciera*, the Supreme Court stated:

We have consistently interpreted the phrase "Suits at common law" to refer to "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." ... Although "the thrust of the Amendment was to preserve the right to jury trial as it existed in 1791," the Seventh Amendment also applies to actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty. ...

The form of our analysis is familiar. "First, we compare the statutory action to 18th-centruy actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." ... The second stage of this analysis is more important than the first. ... If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as fact finder. (citations omitted) (emphasis in original) *Granfinanciera v. Nordberg*, 492 U.S. at ——, 109 S.Ct. at 2790, 19 BCD at 495.

In the last part of its analysis, the court concludes that if the claim asserted involves a "public right", Congress may deny a jury trial, if the rights involved are "private" in nature, it may not. The Supreme Court rejected the "core proceeding" vs. "non-core proceeding" dichotomy as the standard for determining the litigant's right to a jury trial.

Defendant argues that he is entitled to a jury trial because this proceeding against him sounds in negligence, the relief sought is monetary damages (a legal remedy), and the plaintiff is not pursuing a public right, but rather one for the benefit of specific private parties—the debtor and its creditors.

Plaintiff argues that this proceeding meets the public rights exception set out in *Granfinanciera* because the claims asserted against the defendant arise solely because of the existence of the Bankruptcy Code, the statutory duties imposed therein on the defendant as the Chapter 11 trustee and the court's inherent power to regulate its own officers. Second, he argues the Supreme Court has recognized an exception to the right to a jury trial in matters involving the administration and distribution of the bankruptcy estate (e.g., here,

the defendant has filed claims against the bankruptcy estate.) Finally, he argues that defendant has no right to a jury trial because a proceeding against the former trustee of the debtor's estate for breach of his duties as such trustee is an equitable matter.

Historical Reference

First, this court must determine whether this adversary proceeding is one that could have been tried to a jury in the 18th century courts in England prior to the merger of the courts of law and equity.

The remedies of a beneficiary against the trustee of a trust are ordinarily exclusively equitable.

> Trusts are, and have been since they were first enforced, within the peculiar province of courts of equity. Where land was conveyed to a feoffee to uses, the cestui que use at first had no rights which he could enforce in the courts. In the early part of the fifteenth century the Court of Chancery began to protect the cestui que use by permitting him to maintain a suit in equity against the feoffee. The common-law courts, however, continued to afford him no redress. As far as they were concerned, the feoffee was treated as being the absolute owner of the property. Coke in his famous definition of a use stated that the cestui que use "had no remedie by the common law, but for breach of trust, his remedie was only by *subpoena* in chancerie".

III Scott, *The Law of Trusts* § 197 at 1625–1626 (1967) (emphasis in the original).

> The court of equity first recognized the trust as a legal institution and has fostered and developed it. The beneficiary naturally goes to this court for protection of his rights under the trust ... Equity has generally been held to have exclusive jurisdiction to assist the beneficiary where the basis of the suit is the negligence of the trustee in managing the trust property....

Bogart, *The Law of Trusts and Trustees*, 2nd Rev. Ed. § 870 at 96 and 99 (1982).

> ... questions of the administration of trusts have always been regarded as of a kind which can adequately be dealt with in a suit in equity rather than in an action at law, ...

*Restatement of Trusts*, 2nd § 197 at 434 (1967).

The United States Supreme Court has recently reiterated the jurisdiction of equity courts over suits for breach of fiduciary duty:

> The Union next argues that the respondents' duty of fair representation action is comparable to an action by a trust beneficiary against a trustee for breach of fiduciary duty. *Such actions were within the exclusive jurisdiction of courts of equity.* (citations omitted).

*Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, et. al.,* —— U.S. ——, ——, 110 S.Ct. 1339, 1346, 108 L.Ed.2d 519 (1990).

In a footnote the court notes:

> Both the Union and the dissent argue that the backpay award sought here is equitable because it is closely analogous to damages awarded to beneficiaries for a trustee's breach of trust.... *Such damages were available only in courts of equity because those courts had exclusive jurisdiction over actions involving a trustee's breach of his fiduciary duties.* (citations omitted). (emphasis added).

—— U.S. at ——, 110 S.Ct. at 1348.

Over the years, a limited exception to the doctrine stated above has evolved. It is best described as follows:

> Although the remedies of the beneficiary against the trustee are ordinarily exclusively by a proceeding in equity, there are certain situations in which a remedy at law has been permitted. In these situations the liability of the trustee is definite and clear and no accounting is necessary to establish it. The first situation includes cases where the trustee is under an immediate and unconditional duty to pay money to the beneficiary. The second situation includes cases in which the trustee is under a duty immediately and unconditionally to transfer a chattel to the beneficiary.

III Scott, *The Law of Trusts*, § 198 at 1631.[1]

The terms "immediately" and "unconditionally" as used in the Restatement have been interpreted to mean "without the intervention of equity", *Nobile v. Pension Committee, et. al.*, 611 F.Supp. 725 (S.D.N.Y.1985). In *Fleishman v. Krause, Lindsay & Nahstoll*, 261 Or. 505, 495 P.2d 268 (1972), the Oregon Supreme Court held that the plaintiff had a right of action at law where a trustee had wrongfully paid out trust funds and the beneficiary was entitled to immediate possession of the corpus on the legal theory of money had and received. The court noted that the plaintiff was not requesting that the defendant be required to account.

Here, it is not possible to say that the defendant's liability is "definite and clear" without an accounting. Bogart, in discussing the occasional grant of a remedy at law said that the law courts will adjudge the rights of the parties. Where "... no questions of accounting or discretion are involved ..." Bogart, *supra* § 870 at 101. Here, the plaintiff is clearly seeking an accounting of the actions of the former trustee in the defendant's administration of this estate, including the exercise of defendant's discretion in such administration.

Clearly, from a historical perspective, this suit by the plaintiff for breach of fiduciary duty would be considered an equitable matter that would have been tried in the Court of Chancery, in equity.

## Nature of Remedy Sought

Next, we must examine the relief and the remedy sought to determine if it is legal or equitable in nature. This stage of the analysis is not a repetition of the first, but requires consideration of the general types of relief provided by courts of law and equity. *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, et al., supra.*

In *Granfinanciera, supra*, the Supreme Court held, that in an action by the trustee to recover a fraudulent conveyance of a determinate sum of money, the nature of the relief sought, a money judgment, was legal. The court also found that the action itself was legal in nature.

In *Terry, supra*, the defendants, a trucking company and a labor union were parties to a collective-bargaining agreement which covered the plaintiff employees. The union refused to refer the employees' charges against the trucking company to the grievance committee. The employees filed suit against the trucking company, alleging it had violated § 301 of the Labor Management Relations Act of 1947, and against the union, alleging that it had violated its duty of fair representation. The relief requested included injunctive relief and compensatory damages for lost wages and health benefits. The trucking company subsequently filed bankruptcy and the action against it and all claims for injunctive relief were dismissed. In holding that the plaintiff employees were entitled to a jury

---

**1.** In *Restatement of Trusts*, 2nd § 198, at 435, the following examples are provided to illustrate the proposition that an action at law may be maintained for immediate and unconditional recovery of money:

1. A pays $1000 to B in trust to invest the money and to pay the principal and accrued income to C when C reaches the age of twenty-one. When C reaches the age of twenty-one, B has on hand $1500 including the principal and accrued income. C can recover against B in an action of debt or general assumpsit or in an action at law in States where the forms of action have been abolished.

2. A transfers shares of stock to B in trust to pay the income to C on the first of January and on the first of July. B receives dividends in March and fails to pay them to C on the first of July. B is liable to C in an action of debt or general assumpsit or in an action at law in States where the forms of action have been abolished.

3. A transfers shares of stock to B in trust to pay the dividends accruing thereon to C. A dividend is received by B and B misappropriates it. B is liable to C in an action of debt or general assumpsit or in an action at law in States where the forms of action have been abolished.

4. A transfers a farm to B in trust to manage the farm and to pay the net income to C. B makes various expenditures and receives various sums of money and states an account showing that there is a net income due to C of $1000. B is liable to C in an action of debt or general assumpsit or in an action at law in States where the forms of action have been abolished.

trial, the Supreme Court analogized the duty of fair representation issue to a claim against a trustee for breach of fiduciary duty but it characterized the § 301 issue (which remained as an element of proof the plaintiff's case) as a breach of contract claim, a legal claim.

In *Terry*, the Supreme Court acknowledged the two part test (historical perspective and nature of remedy) and stated: "The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action." —— U.S. at ——, 110 S.Ct. at 1347. The court concluded that plaintiffs would be required to prove that the trucking company had violated § 301 of the Labor Management Relations Act of 1947 in order to prevail against the union on their claims. The only relief sought was compensatory damages representing back pay and benefits (money damages). Since the nature of the action to be tried was a breach of contract issue and the relief sought was a legal remedy, i.e. money damages, the court concluded that the plaintiffs were entitled to a jury trial on all issues presented in their suit.

The court acknowledged however that it was not holding that "... any award of monetary relief must necessarily be 'legal' relief." (emphasis in original) —— U.S. at ——, 110 S.Ct. at 1347. The Supreme Court noted that a monetary award incidental to or intertwined with injunctive relief may be equitable and that monetary damages are equitable where they are restitutionary in nature.

■ A Chapter 11 trustee has specific statutory duties to perform in his capacity as trustee in the administration of the bankruptcy estate (see, for example 11 U.S.C. §§ 1106, 704(2), (5), (7), (8), and (9); Bankr.Rule 2015). When a trustee intentionally or negligently makes improper disbursements from the estate, his accounts are to be surcharged and he is personally liable to reimburse the estate for the amounts so disbursed. *In re Baker*, 68 B.R. 360 (Bankr.D.Or.1986). See also, *In re Cochise College Park, Inc.*, 703 F.2d 1339 (9th Cir.1983). It is the duty of a bankruptcy trustee to collect the assets of the debtor and if he fails to do so, he may be charged with the value of the assets that never come into his possession. *Red Carpet Corporation of Panama City Beach v. Miller*, 708 F.2d 1576 (11th Cir. 1983). A bankruptcy trustee is liable for wrongful conduct or negligence, and he may be surcharged. *Leonard v. Vrooman*, 383 F.2d 556 (9th Cir.1967).

> Generally, *equity courts* have the power to hold a trustee personally liable for losses occasioned by a breach of his trust. (emphasis added).

*In re Combined Metals Reduction Co.*, 557 F.2d 179, 194 (9th Cir.1977).

■ Here, plaintiff seeks an accounting for losses in the operation of the debtor's business, for losses of inventory, for failure to pursue recovery of unauthorized post-petition payments, for improper disbursements to professionals, etc. While the relief sought by plaintiff's complaint is monetary damages, the nature of the issue to be tried is clearly a suit for an accounting and a request to surcharge the account of the prior Chapter 11 trustee. This suit invokes the court's inherent power to regulate its own officers and requires an accounting of the entire administration of the bankruptcy estate, herein, by the defendant during his tenure as Chapter 11 trustee. It is clearly equitable in nature.

This court also notes that the defendant has filed two claims in this case. A request for reimbursement of expenses in the amount of $2,866.77 filed on November 11, 1985 and an application for interim fees in the amount of $7,196.15 and reimbursement of expenses in the amount of $4,638.98 filed on February 10, 1986. Both of these claims relate to his services as the Chapter 11 trustee in this case.

### CONCLUSION

This court concludes that under the analysis required by *Granfinanciera* and *Terry*, the defendant is not entitled to a jury trial in this adversary proceeding. Based on the analysis set forth above, this court need not decide whether the claims asserted by the plaintiff involve a "public

right" or "private right", an order consistent herewith shall be entered.