## READING STEEL CASTING COMPANY·v. UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA, TRANSFERRED FROM THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 233. Argued January 26, 1925.—Decided April 27, 1925.

1. Upon review of a judgment of the District Court in an action on a claim against the United States, (Jud. Code § 24, par. 20,) facts admitted and concessions made by the parties may be considered with the lower court's findings of fact. P. 188.

2. A contract between a private party and the United States for sale of goods by the one to the other is to be construed, and the rights of the parties under it determined. by the same principles as if it were between individuals. *Id.*

3. Casting's, defective because of checks, were delivered to the Government under a contract allowing the vendor to remedy such defects after their extent should be revealed by machining, the burden of which was assumed by the Government. The machining was not done. *Held* that the Government's failure to inspect the castings and give notice of rejection, within a reasonable time, amounted to an acceptance. P. 187.

Reversed.

ERROR to a judgment of the District Court in favor of the United States in an action on contract. The case went to the Circuit Court of Appeals and was transferred. 293 Fed. 386.

*Mr. Paul C. Wagner* for plaintiff in error.

*Mr. Merrill E. Otis,* Special Assistant to the Attorney General, with whom the *Solicitor General* was on the brief, for the United States.

MR. JUSTICE BUTLER delivered the opinion of the Court.

This action was brought under § 24, par. 20 of the Judicial Code, to recover $7581.95, alleged to be due upon

a contract between plaintiff and defendant. The court gave judgment in favor of defendant. Plaintiff took the case to the Circuit Court of Appeals on writ of error, but it should have been brought to this court. *J. Homer Fritch, Inc.* v. *United States,* 248 U. S. 458; *Campbell* v. *United States,* 266 U. S. 368. The case was transferred to this court under § 238a, Judicial Code; Act of September 14, 1922, c. 305, 42 Stat. 837. 293 Fed. 386.

The facts admitted include the following. September 4, 1918, plaintiff made a contract with the Post Quartermaster, United States Marine Corps, Quantico, Virginia, acting under the direction of the Secretary of the Navy for and in behalf of the United States. By it, plaintiff agreed to furnish two fly-wheels according to certain drawings, each to be cast in halves " in the rough." Delivery was to be made by September 28, 1918, at Reading, Pennsylvania, for shipment to the De La Vergne Machine Company, New York City. The contract contained a provision that upon delivery, and as a condition precedent to their acceptance, the castings should be inspected and approved by defendant, and that any article not so approved would be rejected and should be removed by plaintiff immediately after receipt of notification of such rejection. The court found facts as follows. " The plaintiff failed to perform its contract in that the castings were defective because of the presence of checks. These defects could have been remedied by welding, and the castings thus made to conform to contract. The extent of the cracks and the consequent required welding could not be determined until after the castings had been machined. Plaintiff sent the castings to the company which was to do the machining, and plaintiff was given the privilege of welding the cracks when disclosed by the machining. This welding was, however, not done, nor the castings made as required by the contract. The smaller casting which was the first casting supplied was inspected

and rejected within a reasonable time. After partial welding it was again inspected and rejected within a reasonable time. The large casting was not inspected until after a reasonable time. This wheel was shipped December 27, 1918, and reached its destination before February 7, 1919. It had not been inspected on December 6, 1919, and notice of inspection and rejection was not given until October 26, 1920, after suit brought."

In its brief, defendant contends that the plaintiff was bound by the contract to weld checks disclosed by machining; and the plaintiff so construes the contract. The facts admitted and the concessions made by the parties may be considered with the findings of fact made by the district court. This is not inconsistent with the rule stated in *Crocker* v. *United States*, 240 U. S. 74, 78, restricting our inquiry to a consideration of the case on the findings. See *Ackerlind* v. *United States*, 240 U. S. 531, 535. The contract is to be construed and the rights of the parties are to be determined by the application of the same principles as if the contract were between individuals. *Smoot's Case,* 15 Wall. 36, 47; *Manufacturing Company* v. *United States,* 17 Wall. 592, 595; *United States* v. *Smith,* 94 U. S. 214, 217.

As the castings for the smaller wheel were not made to conform to the contract by the welding of the checks for which it was rejected within a reasonable time, plaintiff is not entitled to recover on account of it.

The defendant failed within a reasonable time to inspect the castings for the larger wheel or to give notice of rejection. Plaintiff was not in default. It made delivery as agreed by shipping the castings to the company which was to do the machining. Plaintiff was not bound to have the machining done, and, as between it and defendant, that burden was on the latter. The extent of the checks could not be determined before the castings were machined. Defendant was bound by the contract to ac-

cept or reject the castings within a reasonable time. . It. is well settled in the law of sales that receipt of goods will become an acceptance of them if the right of rejection is not exercised within a reasonable time. *Foss-. Schneider. Brewing Co.* v. *Bullock*, 59 Fed. 83, 89. Defendant .must be held to have accepted the castings for the larger wheel. Plaintiff is entitled to judgment for the contract price.

*Judgment reversed.* · ·