## WOOLSEY v. TRIMBLE.

Circuit Court of Appeals, Sixth Circuit.
April 11, 1927.

No. 4741.

**1. Limitation of actions ⬳180(1)—Under Ohio practice, defense of limitations may be raised by demurrer.**

Under the Ohio practice, which governs in the federal courts in that state in actions at law, the defense of limitations may be raised by demurrer, and if the cause of action is apparently barred it is incumbent on plaintiff to state such additional facts, if any exist, as will obviate the bar or bring the case within an exception which will toll running of the statute.

**2. Principal and agent ⬳26—Contract made by receipt for money for investment held one of agency for special purpose.**

A receipt for a sum of money from plaintiff, to be invested for her in shares of a mining company, held to create the relationship of principal and agent, with the power of the agent limited to the purchase of the designated shares, and a provision that "in case of my death the money to be returned" became effective only in case of the agent's death, not having executed his commission.

**3. Limitation of actions ⬳102(5)—Agency contract held not to create subsisting and continuing trust, exempt from statute of limitations (Gen. Code Ohio, § 11236).**

Such receipt did not create a "subsisting and continuing trust," exempt from operation of the statute of limitations, under Gen. Code Ohio, § 11236.

**4. Limitation of actions ⬳43—When cause of action accrues.**

A cause of action accrues when there is a demand capable of present enforcement, a suable party in existence against whom the demand may be then enforced, and a party in being who has a present right to enforce it.

**5. Limitation of actions ⬳66(10)—Failure of agent to execute commission within reasonable time held to give right of action without previous demand.**

Under a contract by which a receiver of money from another undertook to purchase with this money and deliver to that other stock of a corporation, it was his duty to execute the commission within a reasonable time under the circumstances, and on his failure to do so a right of action accrued for recovery of the money without previous demand.

**6. Limitation of actions ⬳66(6)—Breach of duty imposed by contract gives right of action without previous demand.**

Where a contract imposes on a party affirmative duties and obligations, failure to perform them constitutes a breach, and a right of action accrues without previous demand.

**7. Limitation of actions ⬳46(3)—Action on contract, brought 26 years after its execution, held barred.**

Action on a contract, performance of which was required to be within a reasonable time, not brought until 26 years after the contract was executed, held barred by limitation.

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; Smith Hickenlooper, Judge.

Action at law by Kate T. Woolsey, trustee, against Edith M. Trimble, administratrix of the estate of Robert J. Trimble, and others. Judgment for defendants, and plaintiff brings error. Affirmed.

James M. Barrie, of Cincinnati, Ohio (Clore, Schwab & McCaslin, of Cincinnati, Ohio, on the brief), for plaintiff in error.

Herbert Shaffer, of Cincinnati, Ohio (Waite, Schindel & Bayless, of Cincinnati, Ohio, on the brief), for defendants in error.

Before DONAHUE and MOORMAN, Circuit Judges, and WESTENHAVER, District Judge.

WESTENHAVER, District Judge. Plaintiff in error, also plaintiff below, sued at law upon a written instrument reading as follows:

"May 29, 1899.

"Received this day $10,000 (ten thousand dollars) from Kate T. Woolsey, trustee, to be invested in syndicate shrs. of the 'Old Kentucky mine' situated in Placer Co., Cal., of which E. L. Ford is now president. In case of my death, this money is to be returned to K. T. Woolsey, trustee, immediately. This will entitle K. T. W. to 18,000 shrs. of the mining stock in above mine.

"[Signed] R. J. Trimble."

R. J. Trimble died June 14, 1924. This action was begun July 30, 1925. The amended petition alleges that Trimble died before he had invested the money in syndicate shares of the Old Kentucky mine; that no such company or corporation was ever organized or existed; that no stock or shares therein were

ever issued, nor was any such stock or shares ever delivered to the plaintiff; and that the money had never been repaid. The only demand alleged is one made upon defendant after the death of said Trimble. No other facts are stated to bring the cause of action within any of the exceptions to the statute of limitations, or to repel the common-law presumption of payment.

Defendant demurred to the petition, which demurrer was sustained, on the ground that the statutes of limitation barred the action. A second amended petition was tendered, declaring on the same written contract, but averring that the contract required that the $10,000 should be repaid at Trimble's death. Opportunity was offered plaintiff to show by affidavits or otherwise that some contract existed, other than the one originally declared on, and, in default of such showing, the second amended petition was stricken from the files. Final judgment in defendants' favor was thereupon rendered.

Although the order striking the second amended petition from the files is assigned as error, the case was presented in this court solely upon the question whether the statute of limitations was applicable. It was not suggested that any other facts existed, not pleaded or stated, bearing upon this question. In view of the concessions implied from this attitude, we deem it within our province to consider and dispose of the question as presented, without giving attention to technical questions of practice. See Reading Steel Castings Co. v. United States, 268 U. S. 186, 188, 45 S. Ct. 469, 69 L. Ed. 907.

[1] The action being at law, the Ohio practice should be followed. It is settled in that state that the defense of the statute of limitations may be raised by demurrer. If the cause of action stated is apparently barred, it is incumbent upon the plaintiff to state such additional facts, if any existed, as will obviate the bar or bring the plaintiff within any of the exceptions which toll the running of the statute. 2 Bates, New Pleading, p. 2050; Zuellig v. Hemerlie, 60 Ohio St. 27, 53 N. E. 447, 71 Am. St. Rep. 707.

The distinction between actions at law and suits in equity having been abolished in Ohio, the Ohio statute of limitations applies uniformly to all causes of action. Section 11218, G. C. The sections pertinent to the present case are 11236 and 11221. The first is, in substance, that no provisions of the statute of limitations shall apply "in the case of a continuing and subsisting trust." The second provides that an action upon "an agreement, contract or promise in writing shall be brought within fifteen years after the cause thereof accrued." Under the first, the question is whether a continuing and subsisting trust is shown by the facts pleaded. Under the second, the question is when the cause of action upon the facts stated, may be held to have accrued. Both inquiries require an exact understanding of the contract and cause of action set forth and pleaded.

The written instrument is in form a receipt for $10,000. The money was delivered and received to be invested in syndicate shares of a described mine. Plaintiff was to get in return for the money so delivered 18,000 shares of stock in said mine. An obligation was imposed upon Trimble to apply the money to the designated purpose and to account for and deliver the shares. If the investment was made, the property in the shares would be in plaintiff. Until so invested, the money was in Trimble's hands as an agent or depositary, with power only to use and apply it for a specific purpose. If and whenever the syndicate shares were bought and the mining stock delivered, his contract obligation would be fully performed. Obviously it was not contemplated that plaintiff might thereafter return the shares of stock and have back her money. If this were true, she might even receive dividends on the shares, and sell and dispose of them, and pocket the proceeds, and still have back her money. It is this construction of the contract which was adopted in the second amended petition. As the foregoing were the dominant characteristics of the transaction and relationship, that construction cannot be controlled by the words "in case of my death." Obviously these words were intended to provide for some kind of contingency, and not to fix a time at which the plaintiff might unconditionally get back her money. In our view, the contingency so provided for was the death of Trimble before he had executed his agency or commission. If he had died before executing his commission, his power as agent or trustee would have been revoked by operation of law. An agency not coupled with an interest in the agent, or a trusteeship not vesting a fixed interest in some third person, is revocable by death or at the will of the principal before performance. These words were evidently meant to set forth this right, and are not to be given any greater force and effect.

[2, 3] Our conclusions are that the relationship created was essentially that of principal and agent, with a limited power in the agent; that the agent's power consisted only in the right and duty to invest money in shares of stock in a designated mine; that this authority

would be revoked in the event of death before performance and might have been revoked in the meantime by the principal; that, in the event of death or revocation before performance, the principal was entitled to have back the money, but that upon due performance, certainly by the delivery of the shares of stock, and probably by due notice of their purchase, the agent's obligations were fully performed, and he was not otherwise answerable under this agreement. This construction of the contract is not only the one adopted by the learned District Judge, but was also adopted in another suit on the same contract, by Hon. A. M. J. Cochran, District Judge of the Eastern District of Kentucky.

Consequently the answer to the inquiries propounded is, we think, to be found in the domain of the law pertaining to the reciprocal rights and obligations of principal and a special agent for a designated purpose with limited power. That a continuing and subsisting trust is not to be found in the facts stated is fully established by authority. In Douglass v. Corry, 46 Ohio St. 349, 21 N. E. 440, 15 Am. St. Rep. 604, involving a transaction between attorney and client, it is said (page 351 [21 N. E. 441]): "The first claim is that; the relation of attorney and client being a confidential one, the duty imposed by the relation on the attorney gives rise to a continuing and subsisting trust in favor of the client, and is not within the statute. That there are such trusts is well recognized; but it is equally well settled that trusts of this character are those technical and continuing trusts which are not recognized at law, but fall within the proper, peculiar and exclusive jurisdiction of a court of equity. This was decided in Kane v. Bloodgood, 7 Johns. Ch. [N. Y.] 110 [11 Am. Dec. 417], after a most elaborate examination of the authorities by Chancellor Kent, and the rule as there stated has generally been followed in this country." It is further said that the statutory language in question is simply an incorporation of this rule. See, to the same effect, Yearly v. Long, 40 Ohio St. 27; Gray v. Kerr, 46 Ohio St. 652, 23 N. E. 136; Webster v. Bible Society, 50 Ohio St. 1, 33 N. E. 297; Townsend v. Eichelberger, 51 Ohio St. 213, 38 N. E. 207. Furthermore, in Kershaw v. Snowden, 36 Ohio St. 181, the facts were that Kershaw had placed with Snowden large sums of money, averred to be on an express trust to retain the same in trust for Snowden until her death, and then to execute the express trust by returning the money to Snowden. It was held that the transaction did not create a subsisting and continuing trust, but merely the relation of debtor and creditor.

Inasmuch as the statutory language is said by the Supreme Court of Ohio to embody merely the rule of Kane v. Bloodgood, supra, we quote the statements there made as to what continuing and subsisting trusts are without the statute. In the headnote it is said: "As long as there is a continuing and subsisting trust, acknowledged or acted on by the parties, the statute does not apply; but if the trustee denies the right of his cestui que trust, and the possession of the property becomes adverse, lapse of time, from that period, may constitute a bar in equity; but other trusts, which are the ground of an action at law, are not exempted from the operation of the statute." At page 110, Chancellor Kent points out in detail the various kinds of trusts which are subject to the bar of the statute and are not to be regarded as subsisting and continuing, in these words:

"The word 'trust' is often used in a very broad and comprehensive sense. Every deposit is a direct trust. Every person who receives money to be paid to another, or to be applied to a particular purpose to which he does not apply it, is a trustee, and may be sued either at law for money had and received, or in equity, as a trustee, for a breach of trust. Willes, C. J., in Scott v. Surman, Willes, 404, 405. The reciprocal rights and duties founded upon the various species of bailment, and growing out of those relations, as between 'hirer and letter to hire, borrower and lender, depositary and person depositing, a commissioner and an employer, a receiver and a giver in pledge,' are all cases of express and direct trust, and these contracts, as Sir William Jones observes (Jones, Bailments, p. 2), are 'among the principal springs and wheels of civil society.'"

None of these trusts are continuing or subsisting. All transactions involving merely these trust relations are subject to the bar of the statute. It follows that the relationship between plaintiff and defendant, whatever it may have been, was not a subsisting and continuing trust, exempted from the operation of the statute. It was at most a specific and limited trust, arising from the receipt of money to be used and applied to a specific purpose. The addition of the word "trustee" to the plaintiff's name adds nothing. It is only a descriptive word.

Plaintiff's cause of action, however, is based upon an agreement in writing. Whether it is barred by the 15-year limitation depends, in the final analysis, upon when a cause of ac-

tion may be said to have accrued. And when that cause of action accrued depends, we think, upon when it may be said Trimble was guilty of a breach, or so far in default to the plaintiff's knowledge that an action might have been brought and maintained against him without any previous demand.

[4] A cause of action accrues when there is a demand capable of present enforcement, a suable party in existence against whom the demand may be then enforced, and a party in being who has a present right to enforce it. This is a standard, and we think an accurate statement of the rule. See Tobias v. Richardson, 5 Ohio C. C. (N. S.) 74, affirmed 72 Ohio St. 626; 37 Cor. Jur. § 153, p. 810. No question arises as to the existence of a party capable of suing or subject to suit; the only question is when there was a demand capable of present enforcement.

[5] Trimble, either as an agent or trustee for a specific purpose with limited power, was charged with the duty and obligation of investing the money and executing his commission. It was his duty to do so within a reasonable time. It was also his duty to report promptly his action to his principal. It was also his duty to make prompt delivery of the shares of stock, in the absence of any instructions or understanding to the contrary. These were affirmative duties which it was incumbent upon him to perform without any previous request or demand. If he failed to perform them within what the law regards as a reasonable time under all the circumstances, he was guilty of a breach of his contract duty. Plaintiff is chargeable with knowledge of such failure and breach. Hence, in our opinion, Trimble became subject to a suit and a right of action accrued in plaintiff's favor whenever this breach occurred, without any previous request or demand. Trimble's situation was no different from that of any other contracting party undertaking to perform definite obligations within what the law calls a reasonable time. In this case, the action was not brought until Trimble had died, and not until more than 26 years after he had received the money. It is unnecessary to consider closely what would have been a reasonable time to perform before he became liable to an action. In no view of the law and facts can 11 years be said to be otherwise than a reasonable time.

The law bearing on these questions has been given an extensive examination. There is ample authority to the effect that, as between principal and agent, attorney and client, and in like relationships, a demand must precede an action, and that the cause of action does not accrue until such a demand has been made. The reason for this rule is to save an agent from harassment by a lawsuit without being given the opportunity to perform, and is more generally applied to general agencies than to one limited to a single transaction. Whether this rule obtains in Ohio, in the absence of some fraudulent concealment, may well be doubted, in view of Douglass v. Corry, 46 Ohio St. 349, 21 N. E. 440, 15 Am. St. Rep. 604; Gray v. Kerr, 46 Ohio St. 652, 23 N. E. 136; Townsend v. Eichelberger, 51 Ohio St. 213, 38 N. E. 207. But, conceding the general rule that a demand is necessary before a right of action accrues; all authorities recognize that it is subject to certain exceptions. For instance, a demand is unnecessary where the agent has denied his agency, or has converted the money or property to his own use, or has lost it by his neglect, or where a demand would be impractical or inconvenient. See Cor. Jur. § 592. Another exception is that unreasonable delay in rendering an account or notifying the principal of the collection of moneys, raises a presumption that the agent has converted the money or property to his own use, and the principal may then sue without a previous demand. See Cor. Jur. § 592; Mechem on Agency, §§ 530, 531; 2 Bates, New Pleading, p. 933; Bedell v. Janney, 4 Gilman (9 Ill.) 193; Dodge v. Perkins, 9 Pick. (Mass.) 368, 387. The instant case falls within this exception.

Due consideration has been given various cases holding that, where a demand is necessary before action and none is shown to have been made, it will be presumed to have been made within a reasonable time, but that such reasonable time is the last day of the full statutory period applicable to like causes of action, and that the full statutory period is required thereafter in order to complete the bar. The holdings on this proposition are in much confusion, and cases can be found applying the rule in several different ways. See Palmer v. Palmer, 36 Mich. 487, 24 Am. Rep. 605; Keithler v. Foster, 22 Ohio St. 27; Campbell v. Whoriskey, 170 Mass. 63, 48 N. E. 1070; Downer v. Squire, 186 Mass. 189, 71 N. E. 534; note, 32 L. R. A. (N. S.) 486. While we have made a thorough study of these cases, we do not deem it necessary to review them, nor to attempt to reconcile the conflicting doctrines, for the reason that upon the facts in this case the breach and default were such that, according to settled principles, a right of action accrued without the necessity for a previous demand. Two distinguishing

comments may, however, be appropriately made. In no case in which a party has it within his power to make a demand and start the statute running has the rule ever been applied, so as to extend the period of limitations beyond and in conflict with the common-law presumption that a debt, even arising out of a speciality, is extinguished by payment after the lapse of 20 years, unless, indeed, the contract indicates that the money or property was to be kept until called for, as with banks and like depositories. See Downer v. Squire, supra, 189 (71 N. E. 534), 1 A. L. R. note 779.

[6] Again, the rule is, we think, properly applicable in those cases only in which it is either expressly agreed or fairly inferable from the facts that the money or property was to be kept and returned only when called for, and is not properly applicable to cases like the present, in which affirmative duties and obligations are imposed, a failure to perform which in and of itself constitutes a breach and gives rise to an immediate right of action without a previous demand.

[7] The judgment of the court below should be affirmed because, in our opinion, the statute of limitations is a bar. In Townsend v. Eichelberger, supra, page 216 (38 N. E. 208) it is said: "It is no longer the habit of courts to view with disfavor the plea of the statute of limitations. Being statutes of repose, designed to secure the peace of society and protect the individual from being prosecuted upon stale claims, they are to be construed in the spirit of their enactment. The plea does not necessarily admit the existence of the demand. It is entirely consistent with the claim that the demand has been satisfied, and the evidence lost by lapse of time." In the present case, no facts were pleaded to repel the unvarying inference of payment or settlement arising from the lapse of twenty years after a debt is demandable. Upon the facts pleaded, the presumption arose that plaintiff's claim was extinguished by payment. This presumption applies independently of the statute of limitations. It is not affected by the rule that a cause of action does not accrue until a demand has been made, provided it is within one's power to make the demand or enforce collection. See note, 1 A. L. R. 779; Gaines v. Miller, 111 U. S. 395, 4 S. Ct. 426, 28 L. Ed. 466; Dunlop & Co. v. Ball, 2 Cranch, 180, 2 L. Ed. 246.

We do not find in Ohio any holding as to whether this presumption may be taken advantage of by demurrer, but the weight of authority elsewhere is to the effect that it may be. See note, 1 A. L. R. 779; Olden v. Hubbard, 34 N. J. Eq. 85, where the authorities

so holding are reviewed at length; Beekman v. Hamlin, 19 Or. 383, 24 P. 195, 10 L. R. A. 454, and note, in which the reasons for the rule are well stated, 20 Am. St. Rep. 827; also Snodgrass v. Snodgrass, 176 Ala. 276, 58 So. 201; Gaines v. Miller, 111 U. S. 395, 399, 4 S. Ct. 426, 28 L. Ed. 466. The rule as stated in these cases is that, if the obligation has been due or demandable more than 20 years, it is necessary to aver facts repelling the presumption, such as some positive act of unequivocal recognition, like part payment or written admission, or a clear and well-identified promise intelligently made within the period of 20 years, or other conditions excusing or rendering impracticable earlier collection. Plaintiff, neither in its amended nor second amended petition, although accorded ample opportunity, stated any facts taking her case out of the common-law presumption. In our opinion, it was also proper to sustain the demurrer on this ground.

The judgment of the court below is affirmed, with costs.