**UNITED STATES v. JOHNSON et al.**
No. 976.

District Court, W. D. Washington, N. D.
June 21, 1933.

78

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash.

James C. McKnight, of Seattle, Wash., for defendants.

NETERER, District Judge (after stating the facts as above).

A right in gross is personal to the grantee. Cowan v. Gladder, 120 Wash. 144, 206 P. 923. The United States has a mere personal interest in the land of the defendants. Cadwalader v. Bailey, 17 R. I. 495, 23 A. 20, 14 L. R. A. 300; Weigold v. Bates, 144 Misc. 395, 258 N. Y. S. 695; 9 R. C. L. 739; Messenger v. Ritz, 345 Ill. 433, 178 N. E. 38. The rights of the plaintiff and the defendants are governed by the principles applicable to individuals. Reading Steel Casting Co. v. United States, 268 U. S. 186, 45 S. Ct. 469, 69 L. Ed. 907; McArthur Bros. Co. v. United States, 258 U. S. 6, 42 S. Ct. 225, 66 L. Ed. 433. An easement to a corporation in gross does not carry a common right to each stockholder.

The plaintiff, acting as an entity in its governmental capacity, secured the easement for functioning in its governmental relation. The governmental sovereignty did not extend the easement, as the fruit of expedient exercise of the sovereign power, to the public for individual enjoyment. All power emanates from the people intrusted to their chosen representatives for execution and has to do with the machinery of government and a privilege or right for the proper functioning of the machinery of government by the chosen representatives in the conservation of or in obtaining the easement does not give to the whole people, as individuals, the enjoyment in their several relations in such license as a public right.

The easement clearly was merely to provide an accessory to the governmental machinery for a function in its capacity as such, and was expressly limited to the United States as an entity or those acting in its behalf. The grant is limited to the purpose of creation, and enjoyment may not be extended by implication. Smith v. City of Rochester, 92 N. Y. 463, 465, 44 Am. Rep. 393; Koenigs v. Jung, 73 Wis. 178, 40 N. W. 801.

In 1926, the date of the easement, the automobile was the dominating vehicle used on public highways, but the easement was expressly limited to wagon road and the automobile was thereby impliedly excluded; its operation is not quiet and is dangerous to fowl, swine, or cattle on the highways, as well as to the safety of children, and there is persuasive reason for a farmer living within 30 feet of the roadway in the remote district in issue to limit the use to "safe wagon road," to which speed or noise of klaxon are strangers, and be safeguarded against use by sportsmen during the hunting and fishing season, and to the personal use by the plaintiff for operation in its governmental machinery, and the automobile, the dominating highway vehicle, being excluded from the use of the easement, by it being expressly limited to wagon road, is conclusive.

The claim of plaintiff would unreasonably burden the land of the defendants to an extent not contemplated, and does unnecessarily injure defendants, and the right clearly apparent, may not be extended by implication and convert the private way to a public highway, with accompanying noises, dangers, and exposure of the home, family, and stock to, perhaps, irresponsible trespassers.

Nor is a free, full, and quiet enjoyment a grant of an open way prohibiting gates at termini, and where the private way is being subjected or permitted to be subjected to greater burden by the plaintiff, the defendants have the right, on failure of plaintiff to restrict such use, to maintain gates in such reasonable fashion necessary for their protection and which will not unreasonably interfere with the plaintiff's use. Boyd v. Bloom, 152 Ind. 152, 52 N. E. 751; see, also, Collins v. Degler, 74 W. Va. 455, 461, 82 S. E. 265.

Fay v. United States (C. C. A.) 204 F. 559, is not in point. In that case the government was within its stipulated rights. The right there was not only granted to the Department for certain purposes, but for any other purpose, and it was put to a purpose stipulated.

Decree for defendant dismissing the action.