**BYRON JACKSON CO. v. UNITED STATES.**

No. 350–Y.

District Court, S. D. California, Central Division.

Nov. 26, 1940.

Chickering & Gregory, Donald Y. Lamont and Paul L. May, all of San Francisco, Cal., for plaintiff.

Wm. Fleet Palmer, U. S. Atty., and Russell K. Lambeau, Asst. U. S. Atty., both of Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

By its complaint under the Tucker Act, 28 U.S.C.A. § 41 (20), the plaintiff seeks to recover the sum of $4,950 alleged to be due under a contract in writing with the Government, acting through the Soil Conservation Service of the United States Department of Agriculture, for the sale of three single suction centrifugal pumps. The total purchase price was $17,672, of which $12,722 has been paid. The answer admits nonpayment and justifies the deduction of $4,950 by reason of a clause in the contract penalizing the contractor $25.00 per unit per calendar day for delay in delivery. This delay amounted to 198 days.

The plaintiff has moved for a summary judgment. We are to determine if there is a "genuine issue as to any material fact". Federal Rules of Civil Procedure, rule 56 (c), 28 U.S.C.A. following section 723c.

The contention that there is none left is predicated upon the proposition that, in the agreed statement of facts, filed in conjunction with the motion, the government concedes that "none of said pump units and equipment were first actually placed in use until a number of days after arrival thereof at the respective places above named for the sole reason that the Soil Conservation Service was not ready to use them prior thereto, and that delay in delivery of said pump units and equipment by plaintiff was not a contributing factor in causing defendant to delay the placing of any of said pump units and equipment in use prior to the dates when they actually were first placed in use by defendant."

The plaintiff insists that, by this admission, the Government has conceded that it suffered no damage by reason of the failure to deliver the pumps.

I am of the view that this admission does not foreclose the possibility of damage to the Government, in other respects, such as the use of the equipment by other departments.

Grant, however, that this is an admission of total absence of damage:

Does it necessarily show absence of right on the part of the Government to retain the liquidated damages stipulated in the contract?

The law of California does not favor contracts fixing damages. It declares them void. California Civil Code, Sec. 1670; Robert Marsh & Co. v. Tremper, 1930, 210 Cal. 572, 292 P. 950; Mente & Co. v. Fresno Compressor & Warehouse Co., 1931, 113 Cal.App. 325, 298 P. 126; White v. City of San Diego, 1932, 126 Cal.App. 501, 14 P.2d 1062; Stewart v. Claudius, 1937, 19 Cal.App.2d 349, 65 P.2d 933. However, when "from the nature of the case, it would be impractical or extremely difficult to fix the actual damage", contracting parties may agree upon an amount "which shall be presumed to be the amount of damage sustained by a breach" of the contract. California Civil Code, Sec. 1671. Whether the situation was one calling into play this exception is a question of fact to be determined in each particular case. Nakagawa v. Okamoto, 1913, 164 Cal. 718, 130 P. 707; Ebbert v. Mercantile Trust Co., 1931, 213 Cal. 496, 2 P.2d 776; Hanlon Dry Dock Co., etc., v. McNear, 1924, 70 Cal.App.

204, 205, 232 P. 1002; Sun-Maid Raisin Growers of California v. Paul A. Mosesian & Son, 1928, 90 Cal.App. 1, 265 P. 828.

■ When impracticability is shown to exist, as of the time of the making of the contract, the presumption of its continuance to the time of the breach attaches and no other proof of actual damage is necessary. However, the presumption may be overcome by proof that no damage was actually suffered. Kelly v. McDonald, 1929, 98 Cal.App. 121, 276 P. 404. The law of the United States courts is the other way.

Recovery of liquidated damages is allowed upon mere proof of an explicit contractual undertaking to that effect. No proof that, in fact, damage did not flow from the breach is allowed. Sun Printing & Publishing Ass'n v. Moore, 1902, 183 U.S. 642, 22 S.Ct. 240, 46 L.Ed. 366; United States v. Bethlehem Steel Co., 1907, 205 U.S. 105, 119, 27 S.Ct. 450, 51 L.Ed. 731; Wise v. United States, 1919, 249 U.S. 361, 39 S.Ct. 303, 63 L.Ed. 647; Larabee Flour Mills Co. v. Carignano, 10 Cir., 1931, 49 F.2d 151. Conversely, no other damages are recoverable. Stone, Sand & Gravel Co. v. United States, 1914, 234 U.S. 270, 34 S.Ct. 865, 58 L.Ed. 1308.

■ The contract was made in the District of Columbia, in which contracts for liquidated damages are enforceable. District of Columbia v. Harlan & Hollingsworth Co., 1908, 30 App.D.C. 270.

■ And the validity of a clause of this character must, ultimately, be determined by the law of the place where the contract was made. Bradford Electric Light Co. v. Clapper, 1932, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026, 82 A.L.R. 696; Lykes Bros. S. S. Co. v. Esteves, 5 Cir., 1937, 89 F.2d 528. But even if it be assumed that the enforceability of the clause relates to procedure and is, therefore, governed by the law of the forum (California Prune & Apricot Growers' Ass'n v. Catz American Co., 9 Cir., 1932, 60 F.2d 788, 85 A.L.R. 1117), the Government of the United States, in an action brought in its own courts, would not be governed by procedural rules binding on private citizens of the same state or even on citizens of different states who seek redress before the federal courts.

■ Even before the decision in Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the injunction of Section 34 of the Judicial Act of 1789, 1 Stats. 92, 28 U.S.C.A. § 725, calling for the application by District Courts of the laws of the several states, was held not to apply "in matters governed by the Federal Constitution or by acts of Congress". Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 114 A.L.R. 1487; and see Virginia Coupon Cases (Poindexter v. Greenhow), 1884, 114 U.S. 269, 270, 303, 5 S.Ct. 903, 962, 29 L.Ed. 185; Herron v. Southern Pacific Co., 1931, 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857. The right to sue the United States is a surrender of the immunity which attaches to the sovereign. It is of strictly statutory origin. The authority which the Tucker Act, 28 U.S.C.A. § 41 (20), vests in the Court of Claims concurrently with the District Courts does not derive from Article III of the Constitution. Williams v. United States, 1933, 289 U.S. 553, 53 S.Ct. 751, 77 L.Ed. 1372.

Individuals, in their ordinary relations, deal with reference to local state law. So, when we make this law, whether statutory or other, the rule of decision in federal courts, we make legal regionalism or statism correspond to actualities. 28 U.S.C.A. § 725. See Edward S. Stimson, Swift. v. Tyson—What Remains, 1938, 24 Cornell Law Quarterly, 54.

■ When the Government enters into a contract with a private citizen, its rights and obligations are governed by the same general principles of law applicable to like contracts between individuals. Reading Steel Casting Co. v. United States, 1925, 268 U.S. 186, 188, 45 S.Ct. 469, 69 L.Ed. 907; United States v. National Exchange Bank, 1926, 270 U.S. 527, 46 S.Ct. 388, 70 L.Ed. 717; Cory Bros. & Co. v. United States, 2 Cir., 1931, 51 F.2d 1010.

But the application of state or federal principles of law to the interpretation of such contracts is dependent upon the source of the rights to be interpreted and the courts in which enforcement is sought.

Grant that if the Government resorted to a state court to enforce its rights, or was sued therein, its rights might be governed by state rule.

■ But when the right to sue the Government on a contract is confined to its own courts, we have clearly a right arising under the laws of the United States, as to which state rules are inapplicable. See: Board of Commissioners v. United States, 1939, 308 U.S. 343, 349, 350, 60 S.Ct. 285, 84

L.Ed. 313; Deitrick v. Greaney, 1940, 309 U.S. 190, 200, 60 S.Ct. 480, 84 L.Ed. 864.

It. is inconceivable that the Congress of the United States, in surrendering a part of the sovereign's immunity, intended to subject the determination of the validity of contractual undertakings to the laws of each state rather than to the general laws of the United States. To have done so, would be to deprive the Government, when sued, of uniformity and similarity of principles. This, in the case of a government, the domain of which is as vast as that of the Government of the United States, would result disastrously.

For, consider the consequence if a governmental agency, acting under the authority of the United States, in entering into a contract, enforceable in its own courts only, were compelled to consider the law of each of the forty-eight states and run the risk of having clauses in general use and which have received the sanction of the federal courts, set to naught by the decisions of state courts.

■■■ The liquidated damage clause under consideration here is illustrative. Clauses like it are sanctioned by the very Tucker Act, although the Department before us is not included. 40 U.S.C.A. § 269. Similar clauses, independent of the statute, have been given recognition and applied by federal courts in cases involving private litigants as well as in cases involving the Government. Sun Printing & Publishing Ass'n v. Moore, 1902, 183 U.S. 642, 22 S.Ct. 240, 46 L.Ed. 366; United States v. Bethlehem Steel Co., 1907, 205 U.S. 105, 119, 27 S.Ct. 450, 51 L.Ed. 731.

And yet, because the Government is sued in a federal District Court in California, it could be deprived of the benefit of this clause upon proof that no damage was actually suffered.

■■■ True, the law of the place where a contract is to be performed governs, as a rule, the measure of damages. See Garcia & Maggini Co. v. Washington Dehydrating Food Co., 9 Cir., 1924, 294 F. 765, 767; Bell v. Lamborn, 4 Cir., 1924, 2 F.2d 205; Angelo v. Lamborn, 4 Cir., 1924, 2 F.2d 854.

■■■ But where the contracting parties have stipulated that certain damage should be considered to flow from certain breach, there is nothing left to determine by the law of the place of performance. For we are not dealing then with the measure of dam-

ages. We are, at best, concerned only with the validity of an agreed damage clause. And that is determinable by the law of the place where the contract was made. 15 C.J. S., Conflict of Laws, § 11, p. 883; Commissioner v. Hyde, 2 Cir., 1936, 82 F.2d 174; E. Gerlie & Co. v. Cunard S. S. Co., 2 Cir., 1931, 48 F.2d 115, 117; Mercantile Acceptance Co. v. Frank, 1928, 203 Cal. 483, 265 P. 190, 57 A.L.R. 696.

We do not think that Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, was intended to deprive the Government of the United States of the benefits of its own contracts, when it is sought to enforce them in the courts of the United States or to throw upon the Government the added burden of proving, before it can enforce an undertaking assumed by the party with whom it is contracting, an element not contemplated by the contract or by the laws of the United States, as interpreted by its own courts.

The motion for summary judgment will be denied.